UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEBORAH D. HENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-104 |
| | ) | |
| MICHAEL J. ASTRUE,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Deborah D. Henning brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On April 17, 2007, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 17.) Henning filed a motion and a supplemental motion to recover attorney fees in the amount of $3,336.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 19, 24.) The Commissioner, however, opposes Henning's fee request, arguing that its litigation position was "substantially justified." (Docket # 22.) For the reasons set forth herein, Henning's motion will be GRANTED.

## I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security; therefore, Michael J. Astrue is automatically substituted for Jo Anne B. Barnhart as the Defendant in this case. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In its Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ failed to adequately address the opinion of Henning's treating psychiatrist, Dr. Patel, and that the ALJ erred in assessing Henning's symptom testimony. (Order at 3.) The

Commissioner, however, argues that it was substantially justified in defending the ALJ's decision because the ALJ (1) "set forth appropriate reasons for rejecting Dr. Patel's conclusions" and (2) expressly considered the "appropriate factors" when determining that Henning was not fully credible. (Def.'s Resp. to Pl.'s Mot. for an Award of Atty's Fees Pursuant to the Equal Access to Justice Act at 3.)  The Commissioner's argument is ultimately unsuccessful.

In his decision, the ALJ acknowledges that Dr. Patel had treated Henning on a long-term basis. (Tr. 15.)  Nonetheless, he chose not to assign significant weight to Dr. Patel's opinion, stating that Dr. Patel's treatment notes are "replete with references to the claimant's use of alcohol and/or drugs, and [Dr. Patel] does not attempt to sort out the claimant's mental impairments as they would be without the effect of the substances."[2] (Tr. 16.)

In contrast to the ALJ's statement, however, Dr. Patel did indeed opine about Henning's mental impairments absent the effect of any DAA.  More specifically, Dr. Patel directly addressed this point when completing a Mental Impairment Questionnaire on Henning's behalf:

> Q. If you found that your patient would still have limitations in her mental functioning on a job-related basis, assuming that she had or has stopped using and/or abusing drugs and/or alcohol, please give your reasoning why, in your opinion, she would have . . . limitations without drug and/or alcohol use:
>
> A. I believe that she cannot function at this time at work because she becomes paranoid, suspicious, short of breath, and [her] anxiety goes up.  She is unable to relate with other people and she cries without any apparent reason *even though the patient reported that she has not been using any drug or alcohol for 2 years*.

(Tr. 370, 373 (emphasis added).)  Moreover, Dr. Patel also completed a two-page Medical Source Statement of Ability to do Work-Related Activities (Mental) that rated Henning's

---

[2] Henning alleged disability due to status post broken foot, acid reflux, gastritis, headaches, low back pain, and major depression; however, she also has a lengthy history of drug and alcohol abuse (hereinafter referred to as "DAA"). (Order at 4.)

functional level on various fronts "assuming no limitations related to drug and/or alcohol abuse and/or addiction." (Tr. 373-75.)

Thus, the ALJ was patently wrong when he stated that Dr. Patel did not attempt to "sort out" Henning's mental impairments apart from her DAA. This mischaracterization of the record by the ALJ is particularly significant because it concerns the central issue in the case – whether Henning's impairments are disabling absent the effect of any DAA. *See Sayles v. Barnhart*, No. 00 C 7200, 2002 WL 989455, at *2 (N.D. Ill. May 14, 2002) (finding that the Commissioner was not substantially justified in defending an ALJ's decision that contained a significant inconsistency on the central issue in the case); *see also Golembiewski*, 382 F.3d at 724-25 (concluding that the Commissioner's position was not substantially justified where the ALJ, among other things, mischaracterized the medical evidence); *Wates v. Barnhart*, 288 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (determining that the Commissioner's position was not substantially justified where the ALJ seriously erred in evaluating the treating physicians' opinions); *Hubbard-Davis v. Apfel*, No. 95 C 5556, 1998 WL 417595, at *3 (N.D. Ill. July 20, 1998) (finding that the Commissioner's position was not substantially justified where the ALJ did not adequately consider certain statements of the psychologist and vocational expert); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified."). Consequently, the Commissioner's decision to defend the ALJ's reasoning in the face of this blatant error was not substantially justified.

The Commissioner's defense of the ALJ's credibility determination, however, was more reasonable. While the Court ultimately found that the ALJ's reasons for discounting Henning's

4

credibility were improper or inadequately articulated, the ALJ did indeed engage in a credibility analysis, discussing various factors articulated in Social Security Ruling 96-7p, including Henning's treatment measures, her medication, and a perceived inconsistency in her statements. *Compare Cunningham*, 440 F.3d at 865 (finding the government's position regarding the ALJ's credibility determination substantially justified, "even though the ALJ was not as thorough in his analysis as he could have been"), *with Golembiewski*, 382 F.3d at 724 (finding the Commissioner's position not substantially justified because the "the ALJ's decision contained no discussion of credibility").

     Nonetheless, at the end of the day the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Hallmark Constr.*, 200 F.3d at 1081; *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified).  Judging the totality of the circumstances here, the Commissioner's defense of the ALJ's decision was not "substantially justified," given the importance of Dr. Patel's opinion to the central issue in this case. *See Sayles*, 2002 WL 989455, at *2.

     Consequently, the Commissioner fails to carry its burden of establishing that its defense of the ALJ's decision was substantially justified, *Cunningham*, 440 F.3d at 864, and thus Henning is entitled to an award of fees.  Henning's attorney, Joseph Shull, avers that his fees are $3,336.00.  The Commissioner does not challenge this figure, and the Court finds it reasonable. Therefore, Henning's motion for fees in the amount of $3,336.00 will be granted.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was not substantially justified. Therefore, Henning's motion (Docket # 19) and supplemental motion for attorney's fees (Docket # 24) is GRANTED in the amount of $3,336.00.

SO ORDERED.

Enter for August 20th, 2007.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
